**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| EIDOS THERAPEUTICS, INC., NEIL | ) |
| KUMAR, SUZANNE HOOPER, WILLIAM | ) |
| LIS, DUKE ROHLEN, ALI SATVAT, UMA | ) |
| SINHA, BRIDGEBIO PHARMA, INC., | ) |
| GLOBE MERGER SUB I, INC., and GLOBE | ) |
| MERGER SUB II, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon

personal knowledge with respect to himself, and upon information and belief based upon, *inter*

*alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on October 5, 2020 (the

"Proposed Transaction"), pursuant to which Eidos Therapeutics, Inc. ("Eidos" or the "Company")

will be acquired by BridgeBio Pharma, Inc. ("Parent"), Globe Merger Sub I, Inc. ("Merger Sub"),

and Globe Merger Sub II, Inc. ("Merger Sub II," and together with Parent and Merger Sub,

"BridgeBio").

2.      On October 5, 2020, Eidos' Board of Directors (the "Board" or "Individual

Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with BridgeBio.  Pursuant to the terms of the Merger Agreement, Eidos' stockholders

will receive either 1.85 shares of Parent common stock or $73.26 in cash for each share of Eidos

common stock they own.

3.    On December 11, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Eidos common stock.

9.    Defendant Eidos is a Delaware corporation and a party to the Merger Agreement. Eidos' common stock is traded on the NASDAQ, which is headquartered in New York, New York,

under the ticker symbol "EIDX."

10.    Defendant Neil Kumar is Chief Executive Officer and a director of the Company.

11.    Defendant Suzanne Hooper is a director of the Company.

12.    Defendant William Lis is a director of the Company.

13.    Defendant Duke Rohlen is a director of the Company.

14.    Defendant Ali Satvat is a director of the Company.

15.    Defendant Uma Sinha is a director of the Company.

16.    The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.    Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

18.    Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

19.    Defendant Merger Sub II is a Delaware corporation, an indirect wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

20.    Eidos is a clinical stage biopharmaceutical company focused on addressing the large and growing unmet need in diseases caused by transthyretin amyloidosis ("ATTR").

21.    The Company is developing acoramidis, a potentially disease-modifying therapy for the treatment of ATTR.

22.    On October 5, 2020, Eidos' Board caused the Company to enter into the Merger Agreement with BridgeBio.

23.    Pursuant to the terms of the Merger Agreement, Eidos' stockholders will receive either 1.85 shares of Parent common stock or $73.26 in cash for each share of Eidos common stock they own.

24.    According to the press release announcing the Proposed Transaction:

October 5, 2020 – BridgeBio Pharma, Inc. (Nasdaq: BBIO), a company focused on genetic diseases, and Eidos Therapeutics, Inc. (Nasdaq: EIDX), a company focused on transthyretin (TTR) amyloidosis (ATTR), today announced they have entered into a definitive agreement under which BridgeBio has agreed to acquire all of the outstanding common stock of Eidos it does not already own, representing approximately 36.3% of Eidos' outstanding shares. Eidos stockholders will have the right to receive in the transaction, at their election, either 1.85 shares of BridgeBio common stock or $73.26 in cash per Eidos share in the transaction, up to an aggregate maximum of $175 million of cash. The agreement was unanimously approved by BridgeBio's Board of Directors and was approved by Eidos' Board of Directors based upon the unanimous recommendation of a special committee of independent directors of Eidos. . . .

Additional Transaction Details

Under the terms of the agreement, Eidos stockholders will be entitled to elect to receive the consideration for each share of Eidos common stock in all-stock or all-cash, subject to proration such that the cash portion of the transaction will not exceed $175 million in the aggregate.

- All-stock consideration: 1.85 shares of BridgeBio common stock per Eidos share; or

- All-cash consideration: $73.26 in cash per Eidos share, subject to proration.

The merger consideration represents a 55% premium to the volume weighted average price of Eidos shares over the 30 trading days ending on October 2, 2020 and a 41% premium to the closing trading price of Eidos common shares on October 2, 2020, based on the closing trading price of BridgeBio shares on October 2, 2020.

Eidos stockholders who do not make an election will be deemed to have elected the all-stock consideration. The transaction is intended to be treated as a reorganization for U.S. federal income tax purposes, in which case gain would be recognized by the Eidos stockholders only to the extent of any cash consideration received. At closing, Eidos stockholders will own between 16% and 18% of BridgeBio, depending on the amount of cash Eidos stockholders elect to receive.

4

The transaction is not subject to a financing contingency. BridgeBio intends to fund the cash consideration with available cash on hand.

The transaction, which is expected to close in the first quarter of 2021, is subject to the approval of a majority of Eidos' shares held by stockholders other than BridgeBio and its affiliates. In addition, in accordance with Section 203 of the Delaware General Corporation Law, the transaction is also subject to the approval of at least 66-2/3% of Eidos' outstanding voting shares not currently owned by BridgeBio or its affiliates or associates (as such terms are defined in Section 203 of the Delaware General Corporation Law), as well as other customary closing conditions. The issuance of shares by BridgeBio will also need to be approved by the affirmative vote of a majority of the votes cast by BridgeBio's stockholders voting on such matter. Directors of BridgeBio and their affiliates, collectively owning approximately 36% of the outstanding BridgeBio shares, have agreed to enter into voting and support agreements and have agreed to vote in favor of the share issuance. There is no filing requirement under the Hart-Scott-Rodino Antitrust Improvements Act for this transaction.

Upon closing, Eidos will become a wholly owned subsidiary of BridgeBio and Eidos' common stock will cease trading independently on The Nasdaq Global Select Market.

Advisors

Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC are acting as financial advisors to BridgeBio, and Skadden, Arps, Slate, Meagher & Flom LLP is providing legal counsel. Centerview Partners LLC is acting as financial advisor to the special committee of Eidos' Board, and Cravath, Swaine & Moore LLP is providing legal counsel to the special committee.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

25.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

26.    As set forth below, the Registration Statement omits material information.

27.    First, the Registration Statement omits material information regarding the Company's and BridgeBio's financial projections.

28.    With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBIT and unlevered

free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

29.     With respect to BridgeBio's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBIT and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Centerview Partners LLC ("Centerview").

32.     With respect to Centerview's Discounted Cash Flow Analysis of Eidos, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; (ii) all line items used to calculate unlevered free cash flow; (iii) the terminal values of Eidos; (iv) Centerview's basis for assuming that Eidos's after-tax unlevered free cash flows for the terminal year would decline 80% year-over-year in perpetuity; (v) the number of fully diluted outstanding shares of Eidos common stock; and (vi) the value of federal net operating losses and future losses used in the analysis.

33.     With respect to Centerview's Discounted Cash Flow Analysis of BridgeBio, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; (ii) all line items used to calculate unlevered free cash flow; (iii) the terminal values of BridgeBio; (iv) Centerview's basis for assuming that BridgeBio's after-tax unlevered free cash flows for the terminal year would decline 80% year-

over-year in perpetuity; (v) the number of fully diluted outstanding shares of BridgeBio common stock; and (vi) the value of federal net operating losses and future losses used in the analysis.

34. With respect to Centerview's Analyst Price Target Analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

35. With respect to Centerview's Precedent Premiums Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

38. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

39. The omission of the above-referenced material information renders the Registration Statement false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## <u>COUNT I</u>

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Eidos**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Eidos is liable as the issuer of these statements.

43. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and BridgeBio

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants and BridgeBio acted as controlling persons of Eidos within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Eidos and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51.     Each of the Individual Defendants and BridgeBio was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

53.     BridgeBio also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

9

54.     By virtue of the foregoing, the Individual Defendants and BridgeBio violated Section 20(a) of the 1934 Act.

55.     As set forth above, the Individual Defendants and BridgeBio had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

10

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:　December 15, 2020　　　　　　　　**RIGRODSKY & LONG, P.A.**

By:　*/s/ Timothy J. MacFall*
　　　Seth D. Rigrodsky
　　　Timothy J. MacFall
　　　Gina M. Serra
　　　825 East Gate Boulevard, Suite 300
　　　Garden City, NY 11530
　　　Telephone: (516) 683-3516
　　　Email: sdr@rl-legal.com
　　　Email: tjm@rl-legal.com
　　　Email: gms@rl-legal.com

　　　*Attorneys for Plaintiff*

11